IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| THERESA A. PETERSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 05-3394-SSA-CV-S-WAK |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

## ORDER

Claimant Theresa A. Peterson seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.* She claims she became disabled beginning on October 15, 2001. The parties' briefs were fully submitted, and on April 4, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Theresa Peterson was born in 1953 and has completed her GED and three years of college. Her experience includes work as a taxi driver, waiter/waitress, case worker, sales clerk, social services aide and nurse's assistant. She claims disability based on several conditions, including COPD, neck injuries, depression, chest pain and bladder weakness.

The administrative law judge (ALJ) found claimant had the following severe impairments: degenerative disc disease of the cervical/lumbar spine; tendinitis of the left hip, diagnosed as bursitis; and chronic pulmonary disease. She did not find the depression or chest

pain to be severe within the meaning of the Social Security regulations. After determining claimant's residual functional capacity based upon an assessment of the overall evidence, the ALJ concluded that Peterson could return to her past relevant light work as a sales clerk, and alternatively, that she had the capacity to perform other sedentary, semi-skilled work activity.

Claimant challenges the ALJ's findings with regard to her credibility, her residual functional capacity and her ability to perform her past relevant work. Specifically, claimant asserts more weight should have been given to the medical source statement of her treating physician, Dr. Sunderworth.

The ALJ discounted Dr. Sunderworth's opinion as set forth in the medical source statement, because the opinion was not consistent with his treatment notes. Clearly, Dr. Sunderworth's treatment records are not overly detailed and do not well document an individual with disabling conditions or for whom activity restrictions are prescribed. Over time, they do suggest that her pain was increasing or that her medications were less effective, but that with medication changes she was afforded some relief.

Accordingly, after considering Peterson's testimony regarding her daily activities; the medical evidence of record, including what symptoms she reported to her treating physicians; her lack of mental health counseling, physical therapy or attendance at a pain management clinic; and her sporadic work record with low earnings, the ALJ discounted her subjective complaints. She reviewed the report of the consultative examination performed by Dr. Ash for Disability Determinations and found the overall evidence to be consistent with his findings.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds that while there is some evidence which supports and some evidence which detracts Peterson's subjective complaints, there is still substantial evidence to support the ALJ's decision to discount plaintiff's testimony and to discount Dr. Sunderworth's opinion as set forth in the medical source statement.

The court recognizes there is evidence that Peterson experienced pain and had some severe impairments. The issue is not whether plaintiff was experiencing pain during the

coverage period, but how severe the pain was and whether it was disabling.  Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).  This court may not make a de novo determination, but must review the record under the standards previously stated.

In this case, the Commissioner's decision is supported by substantial evidence on the record as a whole.  Accordingly, for these reasons and those set forth in more detail in the Commissioner's brief, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 14th day of April, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4